**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

PETER OMOLAYE OJO,

*Petitioner*,

v.

JASON BENZEL, *et al.*,

*Respondents*.

Civil Action No. 26-09398

**MEMORANDUM ORDER**

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) of Peter Omolaye Ojo ("Petitioner"). The Court has reviewed the Petition (*id.*), Respondents' Response (ECF No. 7), Petitioner's Reply (ECF No. 8), Petitioner's Motion to Expedite (ECF No. 9), Respondents' supplemental submission and exhibits (ECF No. 11), and Petitioner's subsequent submissions (ECF Nos. 12, 13, 14).

The record establishes that Petitioner departed the United States on May 15, 2026, and returned on July 21, 2026, arriving at Newark Liberty International Airport from London. (ECF No. 11 at 2.) Upon his return, Petitioner presented a valid I-512 employment authorization / advance-parole document to U.S. Customs and Border Protection ("CBP"). (*Id.*) CBP nevertheless determined that Petitioner was not entitled to admission and detained him while he remained subject to removal proceedings. (*Id.*) Petitioner does not have a final order of removal. (*See* ECF Nos. 1, 7.)

Under 8 U.S.C. § 1225(a)(1), a noncitizen who arrives in the United States is deemed an "applicant for admission" unless the noncitizen has previously been admitted. Section

1225(b)(2)(A), in turn, provides that, where a non-citizen "who is an applicant for admission" is seeking admission and the examining immigration officer determines that the non-citizen "is not clearly and beyond a doubt entitled to be admitted," the non-citizen "shall be detained" for a proceeding under 8 U.S.C. § 1229a. Thus, § 1225(b)(2)(A) establishes mandatory detention for an applicant for admission who is not clearly entitled to admission. *See* 8 U.S.C. § 1225(b)(2)(A).

The Third Circuit's recent decision in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223, at *3–4 (3d Cir. Aug. 28, 2026), does not require a different result. There, the Third Circuit held that § 1225(b)(2)(A) did not apply to noncitizens who had previously entered the United States without inspection and were later apprehended in the interior because they were not presently "seeking admission." *Id.* at *3–4 (explaining that an "applicant for admission" subject to § 1225(b)(2)(A) must engage in a "present or ongoing action" to gain admission). Here, by contrast, Petitioner had departed the United States and subsequently arrived at a port of entry from abroad, where he presented himself to CBP for inspection and actively sought to enter the United States. Petitioner therefore falls within the circumstance expressly addressed by § 1225(b)(2)(A). *Jennings v. Rodriguez*, 583 U.S. 281, 287–88 (2018) (describing § 1225(b)(2)(A) as the statutory provision governing detention of applicants for admission and explaining that it mandates detention for the removal proceeding).

Petitioner's possession of an I-512 advance-parole document does not alter that conclusion. Advance parole authorizes a noncitizen to seek parole upon presentation at a port of entry; it does not itself constitute admission to the United States. *See* 8 U.S.C. §§ 1101(a)(13)(B), 1182(d)(5)(A). Section 1182(d)(5)(A) expressly provides that parole is a discretionary, temporary authorization that "shall not be regarded as an admission of the alien." See also *Buele Morocho*, 2026 WL 2546223, at *18 (discussing the statutory distinction between admission and parole).

The record before the Court does not establish that CBP granted Petitioner parole. Rather, the record reflects that CBP inspected Petitioner upon his arrival, determined that he was not entitled to enter, and detained him. (ECF No. 11 at 2.)

Nor does Petitioner's pending I-360 self-petition under the Violence Against Women Act ("VAWA") independently confer lawful immigration status or alter the statutory basis for his detention. The filing of an immigration petition does not itself confer lawful immigration status. *See* USCIS Policy Manual, Vol. 7, Pt. B, Ch. 3 (explaining that "[a] pending application or petition does not automatically afford protection against removal"). The VAWA provisions provide specified immigration benefits and protections, *see* 8 U.S.C. § 1154(a)(1)(D), (K), but do not provide that the filing of a pending self-petition constitutes admission, grants parole, or displaces otherwise applicable statutory detention authority.

Because Petitioner returned to the United States from abroad and was detained by CBP while seeking admission at a port of entry, § 1225(b)(2)(A) provides statutory authority for his continued detention pending proceedings under § 1229a. The absence of a final order of removal does not alter that conclusion because § 1225(b)(2)(A) governs detention of applicants for admission during removal proceedings and does not require a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–88, 302–03 (2018) (distinguishing § 1225's detention of applicants for admission from § 1226's detention of noncitizens already in the United States). Petitioner therefore has not established that his present detention is unlawful. Accordingly,

**IT IS** on this 30th day of September 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner's Motion to Expedite (ECF No. 9) is **DENIED AS MOOT**;

and it is further

**ORDERED** that the Clerk of Court is directed to **CLOSE** this matter.

Hon. Karen M. Williams,
**United States District Judge**